UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWARD D. QUERO,** | Civil Action No. 16-7947 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

IT APPEARING THAT:

1. On or about January 6, 2004, Petitioner, Edward D. Quero, filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Docket No. 03-6236 at ECF No. 1).

2. Following briefing and an evidentiary hearing, Judge Hochberg denied Petitioner's § 2255 motion by way of an order and opinion issued on November 28, 2007. (Docket No. 03-6236 at ECF No. 20). Judge Hochberg also denied Petitioner's motion for reconsideration on May 2, 2008, and denied Petitioner a certificate of appealability on June 24, 2008. (ECF Nos. 23, 29).

3. On May 24, 2016, Petitioner filed a letter with this Court in which he stated the following: "With the new rule of law [announced in the] United States Supreme Court decision [in] *Johnson v. United States*[, 135 S. Ct. 2551 (2015),] and the recent *Welch* [*v. United States*, 136 S. Ct. 1257 (2016),] decision[, I] request that my case be review[ed] concerning [this] new rule of law." (Docket No. 03-6236 at ECF No. 34).

4. On June 8, 2016, this Court entered an order that construed that letter as an attempt to file a new § 2255 motion, screened the letter pursuant to Rule 4 of the Rules Governing Section 2255 Cases, and dismissed the letter without prejudice for failure to provide sufficient factual detail and use the appropriate form. (Docket No. 03-6236 at ECF No. 35). In that Order, the Court also

1

informed Petitioner that this Court would most likely lack jurisdiction to hear Petitioner's motion absent permission to file a second or successive motion from the Court of Appeals. (*Id.*).

5. On or about July 22, 2016, Petitioner filed an amended second motion to vacate sentence on the appropriate form. (Docket No. 03-6236 at ECF No. 36). On October 25, 2016, this Court directed the Clerk to refile Petitioner's amended second motion to vacate sentence on its own docket. (Docket No. 03-6236 at ECF No. 37).

6. On November 7, 2016, although no answer had been ordered, the Government filed in this matter a letter in which it argues that Petitioner's amended second motion should be dismissed. (ECF No. 3). In that letter, the Government first argues that this Court is without jurisdiction to hear this matter as Petitioner's current motion is a second or successive motion brought without leave. The Government thereafter argues that this matter should be dismissed rather than transferred because Petitioner was not sentenced as a career offender, and thus *Johnson* provides him no basis for relief. (*Id.* at 2-3).

7. As Petitioner's amended second motion to vacate has now been refiled on its own docket, this Court is required to screen Petitioner's amended second motion to vacate sentence pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Pursuant to that rule, this Court must review the motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Under the rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

8. In his new motion to vacate sentence, Petitioner raises a single new claim – that his sentence is no longer reasonable based on the rule of law set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the Armed Career Criminal Act), made

retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). (ECF No. 1). This claim was not among those made in his original motion to vacate sentence, which was previously denied on the merits in 2007.

9. Because Petitioner has previously filed a motion to vacate sentence that was denied on the merits in 2007 after Petitioner was provided notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), of the requirement that he file all of his claims in a single § 2255 motion (*See* Docket No. 03-6236 at ECF No. 3), Petitioner's current filing is in essence a second or successive motion to vacate sentence. *See* 28 U.S.C. § 2255(h); *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Where a petitioner files a second or successive motion without first acquiring leave from the Court of Appeals, this Court is without jurisdiction to review the motion, and the District Court is required to either "dismiss [the] § 2255 motion for lack of jurisdiction or transfer it to" the Court of Appeals to be treated as an application for permission to file a second or successive motion to vacate sentence. *Hawkins*, 614 F. App'x at 582; *see Robinson*, 313 F.3d at 139.

10. A District Court should only transfer a petition to the Court of Appeals where the proposed second motion to vacate would prima facie meet the requirements for a second motion set forth in 28 U.S.C. § 2255(h). *Hawkins*, 614 F. App'x at 582. Pursuant to § 2255(h), a second motion to vacate sentence will only be authorized where the new claim is based on either newly discovered evidence of sufficient merit, or a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. § 2255(h).

11. Here, Petitioner attempts to raise a claim that he suggests is based on a new rule of law that has been made retroactive to cases on collateral review – specifically the rule announced

in *Johnson* and made retroactive in *Welch*, and Petitioner's original letter seeking to raise such a claim was timely filed in May 2016. (ECF No. 1 at 5; Document 1 attached to ECF No. 1 at 1-5). Although Petitioner invokes *Johnson* as the source of the claim he seeks to raise, Petitioner's ultimate claim is that his sentence is now somehow unreasonable. That claim does not actually arise out of the ruling in *Johnson*. Even were Petitioner to have actually sought to raise an actual *Johnson* claim, Petitioner was not sentenced under the Armed Career Criminal Act, but instead received the sentence he did based on the nature of Petitioner's conduct – a conspiracy involving the theft of a trailer full of merchandise and the beating as well as temporary abduction of a security guard – and the seriousness of his prior criminal history. (*See* PSR at ¶¶ 13-20, 27-55). Petitioner did not receive a criminal history category of VI based on career criminal status, but rather because he has a lengthy history of criminal convictions including convictions for fraud, criminal mischief, and multiple incidents involving his receipt of stolen property. (*Id.* at ¶¶ 43-55). Neither the residual clause of the Armed Career Criminal Act, nor the equivalent language in the career offender guideline played any part in the sentence Petitioner received. Thus, even if Petitioner's robbery conviction were not a crime of violence for Armed Career Criminal Act or career criminal guideline purposes, that would be of no moment – Petitioner was not sentenced under either. Petitioner is thus not raising an actual *Johnson* claim, but rather a claim that his sentence is not substantively reasonable, a claim he could have raised earlier, and a claim that in no way requires nor relies on *Johnson*. Petitioner's claim is thus not actually based on a new rule of constitutional law that has been made retroactive on collateral review. As such, Petitioner's claim does not prima facie satisfy the requirements of § 2255(h), and as such, it would not be in the interests of justice to transfer this matter to the Court of Appeals. *Hawkins*,

614 F. App'x at 582. Petitioner's second motion to vacate sentence must therefore be dismissed for lack of jurisdiction at this time. *Id.*

12. Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because jurists of reason could not disagree with this Court's conclusion that it must dismiss Petitioner's second motion to vacate sentence as a second or successive motion brought without leave, Petitioner has failed to make a substantial showing of the denial of a constitutional right. This Court therefore denies Petitioner a certificate of appealability. *Id.*

13. In conclusion, this Court will dismiss Petitioner's second motion to vacate sentence (ECF No. 1) for lack of jurisdiction as a second or successive motion to vacate sentence brought without leave of the Court of Appeals, and will deny Petitioner a certificate of appealability. An appropriate order follows.

JOSE L. LINARES
United States District Judge

Dated: November 8th, 2016